### C. W. Cox v. The State.

1. CONTINUANCE.—Confinement in jail, and a want of information as to the requirements of law, afford no excuse for failing to use diligence in procuring the attendance of a witness, and constitute no cause for the continuance of a case.
2. THEFT, PROOF OF OWNERSHIP.—Where one person has the general and another the special property in the thing stolen, the indictment may allege the property to be in either.
3. THEFT.—When property is stolen in one county and carried by the thief into another, the taking may be charged to have occurred in either.

APPEAL from Grayson. Tried below before the Hon. S. Hare.

*J. M. Finley,* for appellant.

*George Clark, Attorney General,* for the State.

REEVES, ASSOCIATE JUSTICE.—There was no error in overruling appellant's application for a continuance. He used no diligence whatever to procure the attendance of the absent parties whose testimony, as he states, was material to his defense. Confinement in jail, and want of information as to the requirements of law, when such information might have been obtained, is not a ground for continuance. He was served with a copy of the indictment November 17th, 1874, and thereby informed of the charge against him, and must then have known that it was necessary to take some steps to have his witnesses present on the trial. The application for the attachment was not made until the March term, 1875, and only ten days before the trial. The witnesses were not residents of the same county, and neither one resided in Grayson county, where the defendant was indicted and tried. Under such circumstances, it is not likely that the defendant expected the attendance of the witnesses at that term of the court.

The court instructed the jury in substance that Marchant, the alleged owner, acquired such special property in the

gelding, on complying with the estray law, as would be sufficient to support the allegation of ownership, as charged in the indictment.   The rule is well settled.   Where one person has the general and another the special property in the thing stolen, the indictment may allege the property to be in either.   (Langford *v.* The State, 8 Tex., 115.)

It is further objected that the indictment charges that the gelding was taken in Grayson county, and the evidence shows that the taking was in Denton county.   The answer to this objection is, that where property is stolen in one county and carried by the offender into another, he may be prosecuted in either county.   (1 Paschal's Dig., art. 2666.)

We find no sufficient reason why the verdict of the jury should be set aside.

The witness Marchant proved that he had in his possession in his pasture in Denton county, on or about the 9th of November, 1874, a bay gelding about eight years old, and that it was taken from his pasture about that time. On the day following, at Sherman, about twenty-seven miles from the pasture, this witness states that he bought this animal at public sale, not looking at the animal particularly, as he says, when bidding for it, and for which defendant gave him a bill of sale.   Cox told the witness that he bought this animal in Fort Worth, when, as this witness stated, only about eighteen hours had elapsed since the animal was taken from his pasture to the time of the sale.   He also proved that he had given bond, and complied with the law regulating estrays, the animal being an estray.   It was further proved that defendant, a few days before this time, had sold a horse at Pilot Point, in Denton county, for which he executed a bill of sale, signing his name as Ike Greene.

We think the evidence supports the verdict, and there being no error in the rulings of the court the judgment is affirmed.

Affirmed.