## CHARLES ROTH v. THE STATE.

1. THEFT — VENUE.— Theft may be prosecuted either in the county where the property was taken or in any other county through or into which it was carried by the thief.

2. SAME — GRADE OF OFFENSE.— If the prosecution be in a county other than that in which the theft was committed, and the evidence shows that the value of the stolen property was enough to make the offense a felony, but that the value of the portion carried into the county of the former was not enough to make the offense a felony, the conviction can be for misdemeanor only.

3. Evidence — Practice.— If testimony be objectionable as hearsay or because it presupposes the existence of better evidence, its competency must be challenged in the trial court, and cannot be primarily assailed on appeal.

4. Indictment — Theft of a bank-note is sufficiently charged if the indictment charges theft of a " bank-bill,"— the latter being the statutory term in this State.

5. Variance — Idem Sonans.— Indictment charged theft of a note on the " Chatam National Bank;" but the note as proved and exhibited was on the Chatham National Bank. Held idem sonans, and not a material variance between the alleged and the proved appellation of the bank.

Appeal from the District Court of Comal.    Tried below before the Hon. G. H. Noonan.

The case is disclosed in the opinion.

J. D. Guinn, for the appellant.

Horace Chilton, Assistant Attorney General, for the State.

White, P. J.    Appellant was indicted for the theft of " two United States National ten dollar currency bills, of the value, then and there, separately, of ten dollars, and of the aggregate value, then and there, of twenty dollars; one of said bills is described more particularly as follows, to wit: No. 1375, from the Chatam National Bank of New York; the exact description of the other bill is to these grand jurors unknown," etc.

The evidence established that the theft was committed in the county of Guadalupe; the prosecution was in the county of Comal.    It is provided by statute that, " where property is stolen in one county and carried off by the offender to another, he may be prosecuted in either the county where he took the property or in any other county through or into which he may have carried the same." Code Crim. Proc. art. 216; Cox v. The State, 43 Texas, 101; Connell v. The State, 2 Texas Ct. App. 422; 1 Bish.

Crim. Proc. (3d ed.) sec. 59. But it seems that where a party is prosecuted in a county other than that in which the theft was committed, a complete offense must be shown in the county where the conviction was had. If defendant stole twenty dollars in Guadalupe county, but the proof showed him in possession of only ten dollars in Comal, whilst he might be convicted of a felony in Guadalupe, if there tried, he could, under such proof, be only convicted of a misdemeanor in Comal,— the amount found to have been in his possession in Comal being less than the sum ($20) necessary to constitute felony under the statute. So the learned judge properly charged in this instance that the jury might find, if the evidence warranted, that the defendant could only be punished for a misdemeanor if he was found to have been only in possession of ten dollars of the stolen money in Comal, though the evidence might further show that he had in fact stolen twenty dollars in Guadalupe at the time he took the ten.

The proof, however, established the fact that defendant not only took but asported the twenty dollars to Comal county; for the sheriff found ten dollars of the money,— a bill which had been fully described and was identified by the owner,— and obtained it from the saloon keeper to whom defendant had passed it; and he also testified that the owner told him that he, the owner, had ascertained that defendant had passed another ten-dollar bill, at Lippell's store, in New Braunfels. This latter portion of the evidence might have been inadmissible as hearsay, and as presupposing in itself the existence of better testimony, but it was not objected to by defendant, and he cannot be heard to complain.

It is objected that in two respects there is a fatal variance between the note found, identified, and offered in evidence, and the description of it as contained in and set out in the indictment;— 1, because the indictment charges

the theft of National *bank bills*, whilst paper intro-
duced in evidence was a National *bank note*. In our Code
"the term *property*, as used in relation to the crime of
theft, includes money, *bank bills*," etc. Penal Code, art.
732. "Bank . bills" is the statutory term. Mr. Bishop
says: "If the indictment designates the thing stolen by
its name, the statutory term should be employed. Yet a
word of the same or a more definite meaning may suf-
fice; as 'bank bill' for the statutory 'bank note.'" 2 Bish.
Crim. Proc. (3d ed.) sec. 731; 1 Whart. Crim. L. (7th ed.)
sec. 346.

2. It is contended that there is a fatal variance because
the bill is described as one issued by the "Chatam Na-
tional Bank," whilst the one offered in evidence purports
to have been issued by the Chatham National Bank,— the
difference being in the omission by the pleader of the
second "*h*" in spelling the word "Chatham." We do not
think the objection maintainable. The rule adopted gen-
erally seems to be, according to the distinction stated by
Lord Mansfield, "that, where the omission or addition of
a letter does not change the word so as to make it another
word, the variance is not material." 1 Whart. Crim. L.
(7th ed.) 309; 1 Bish. Crim. Proc. (3d ed.) 562. Here the
word is not changed and is strictly *idem sonans*. We are
aware that in some courts a distinction is sought to be
drawn between omissions or changes in the spelling
of ordinary words and that of proper names (66 Ill. 344);
but there can be no reason for the rule where the variance
is so slight, and does not affect the word or name more
than in the case before us.

There is nothing further in the record to be discussed.
Failing to perceive that any substantial error has been
committed, the judgment is affirmed.

*Affirmed.*