### CLYDE PARKS V. THE STATE.

*No. 7381.  Decided June 10.*

1. **Indictment—Different Counts—Verdict.**—Where there are several counts in an indictment, and the charge of the court limits the jury in their finding to one count only, it is tantamount to an election by the State to rely upon that count alone, and a verdict in such case finding the defendant guilty as charged in the indictment will be construed to have reference to the count submitted to the jury.

2. **Same—Charge of the Court.**—It is the duty of the court to charge the law of the case. Where there is no evidence supporting one or more counts of the indictment the court need not submit such counts to the jury. In such case the court may require such counts to be dismissed, or may instruct the jury to disregard the same, or may instruct the jury to return a verdict of not guilty upon the same.

3. **Theft—Fraudulent Intent—Evidence.**—To constitute theft there must be a fraudulent taking. That the taking was open is immaterial if the fraudulent intent existed. A trespass unaccompanied by a fraudulent intent will not constitute theft. See the opinion for evidence which fails to show a fraudulent taking of the property, and is therefore insufficient to sustain the conviction.

APPEAL from the District Court of Bell. Tried below before Hon. W. A. Blackburn.

The opinion sufficiently states the case.

*Harris & Saunders*, for appellant.

*R. H. Harrison*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of the theft of two head of cattle. The indictment contains three counts, one charging theft of the two head of cattle, one for receiving said cattle from Mc-Guire, and the remaining one for receiving the cattle from some one to

the grand jurors unknown, etc. There being no evidence to support either count alleging the reception by appellant of the cattle from anybody, the court limited the consideration of the jury in his charge to the count charging the theft. The jury by their verdict found the defendant guilty as charged in the indictment.

It is contended that this verdict is uncertain, illegal, and unintelligible, because there were three counts in the indictment and the district attorney did not elect upon which count he would rely for a conviction.

It will be observed that there was but one offense before the jury for their consideration, to-wit, that of the theft of the cattle. Where there are several counts in an indictment and the court limits the jury in their finding to one of said counts only, it is tantamount to an election by the State to rely upon that count alone. Dalton v. The State, 4 Texas Ct. App., 333; Weathersby v. The State, 1 Texas Ct. App., 643.

The court is not required to charge upon a case not made, nor supported by any facts, except it be to direct an acquittal. It is the duty of the court to charge the law of the case. Where there is no evidence to support one or more of the counts included in the indictment it would not be incumbent on the court to give in charge the law upon such count or counts. The court might have required that such unsupported counts be dismissed by the district attorney, or he might have informed the jury that the unsupported counts would be disregarded by them, and either of the latter modes of practice would have been perhaps the better practice, or the court could have instructed the jury to return a verdict for appellant upon the latter two counts, and then under appropriate instructions submitted the count charging theft of the cattle. But the action of the court was tantamount to this. There was no error in the matter complained of, and we can see no reason why the verdict is not sufficiently certain to support the judgment when we look to the charge of the court. The court informed the jury that appellant was being tried for theft and limited them in their finding to that offense alone, and the verdict is responsive to the charge as well as to the indictment. Willson's Crim. Stats., sec. 2004; Dalton v. The State, 4 Texas Ct. App., 333; Weathersby v. The State, 1 Texas Ct. App., 643.

Appellant was hired by C. L. McGuire to assist him in driving a few head of cattle from Coryell County to Temple, in Bell County. He was a boy 18 years of age. McGuire was driving the cattle for Mr. Sauls, of Temple. Before starting on this trip his father, who had a considerable number of cattle strayed off, requested appellant to look for any of these cattle, and if any were found by him to put them in the herd he was assisting in driving and sell them. The cattle spoken of, which defendant was authorized to gather and sell, were scattered from Coryell County to the Brazos River. En route, and some ten or twelve miles from home, the appellant found two head of cattle, unmarked and unbranded, at Mr. Newman's residence, and put them in the herd at about

noon, drove them to Temple and there sold them. Newman was the alleged owner of the cattle. Mrs. Newman, wife of the alleged owner, saw appellant take the cattle, but said nothing to him. He took them openly, handled them openly, and sold them the same way and as the property of his father. Some of the cattle of appellant's father ran at or near the place where these cattle were taken. Appellant's only claim to the cattle was for his father, and he sold them as such in Temple. He drove them through the principal residence portion of that city to Mr. Sauls' and there penned them. He told Sauls they were his father's property and that he found them on the way as he came from Coryell County. Mr. Sauls tried to sell the cattle to the butchers, but the price offered not proving satisfactory, was refused. They were finally sold to C. L. McGuire. Appellant's character was proved good for honesty, truth, and veracity. Giving the strongest possible effect to the evidence against appellant, we do not believe a case of theft is shown by the facts.

There is, as we understand the evidence, an absence of fraud that should be attendant upon the entire transaction to constitute theft. The appellant took the cattle as his father's property, he took them in open day at the house of the alleged owner, he took them in the presence of the wife of the said alleged owner, his taking was unchallenged by her, although she saw it at the time, he drove them along the public road to the city of Temple, through its principal streets to Sauls' residence, penned them there, and secured Sauls' services to assist him in selling them. Every act, movement, and declaration with reference to the cattle was open, public, frank, and without concealment.

In order to constitute theft there must be a *fraudulent taking*. That the taking was open would be immaterial, however, but it is material that fraud existed in connection with the taking. Trespass will not constitute theft. There must be something more than a mere trespass. There must be a fraudulent taking.

We are not willing the verdict under the facts in this record should stand. The judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.