## JOHN SMITH V. THE STATE.

### *No. 687. Decided February 13.*

1. **Theft—Indictment—Counts—Election.**—Where an indictment for theft of a horse contained two counts, the first alleging possession in the general owner, and the second in a special owner, who was holding the same for another, the general owner, *Held,* the prosecution could not be required to elect upon which count the conviction would be claimed.

2. **Same—Where Charge is Equivalent to an Election.**—Where an indictment contains two or more counts, and the court in the charge to the jury submits only one of the counts, this is tantamount to an election by the State.

3. **Evidence—Practice—Bill of Exceptions.**—Objections to the admission of confessions as evidence will not be considered on appeal where a bill of exceptions was not reserved to the admission of such evidence.

4. **Cumulative Sentence.**—It is expressly enjoined upon the court, where two convictions have been had against the same defendant, to make the last cumulative of that pronounced in the preceding conviction. Code Crim. Proc., art. 800.

APPEAL from the District Court of Eastland. Tried below before Hon. T. H. CONNER.

This appeal is from a conviction for theft of a horse, the penalty being assessed at five years in the penitentiary. The defendant having been previously convicted of burglary and given two years in the penitentiary, the court fixed the punishment of five years in this case, to begin at the expiration of said former judgment and sentence of two years for burglary.

*Frost, Hunt & Schmick,* for appellant, filed an able and interesting brief.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The indictment contains two counts: (1) charging theft of the horse from George Bosher; (2) alleging property in J. W. Bosher, and possession in S. P. Bosher. It is urged as error, that the State did not elect upon which count the prosecution would be maintained. This was not required in this case. This court has frequently suggested the practice of including different counts in indictments and information, so as to meet every phase of the transaction which might be developed by the testimony upon the trial. But if an election had been necessary, appellant can not complain because the court submitted the first count only for the consideration of the jury, and this was tantamount to an election by the State. Parks v. The State, 29 Texas Crim. App., 597; Dalton v. The State, 4 Texas Crim. App., 333; Weathersby v. The State, 1 Texas Crim. App., 643. The supposed error of the court admitting confessions of the appellant will not be noticed, because a bill of exceptions was not reserved to its admission. Nor is there anything in the alleged error of the court making the sentence in this case cumu-

lative of that pronounced against appellant in a preceding conviction. This action of the court is expressly enjoined by statute, and therefore the court did not err in this respect. Code Crim. Proc., art. 800.

The conviction is fully supported by the evidence, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.