JOHN SMITH V. THE STATE.

*No. 686.   Decided February 13.*

1. **Burglary from a Railroad Car—General and Special Ownership—Refused Instructions.**—Where the indictment alleged, that the goods were the property of and taken from the possession of one W., and it was made to appear from the evidence that said W. had exclusive control, management, and possession of the railroad car and the property therein, *Held*, it makes no difference whether W. was general or special owner, and the court did not err in refusing a requested instruction explaining the distinction between general and special ownership.

2. **Same—Indictment—Day or Night-time Burglary—Where Force is Applied in the Breaking.**—Where an indictment for burglary contained two counts, one for a "night-time" and one for a "day-time" burglary, and the evidence clearly established "night-time," and also that the breaking was by force, *Held*, immaterial whether the entry was by night or day; and it was not error for the court to refuse to define "night-time," and instruct the jury to acquit if they had a reasonable doubt as to the time.

3. **Confessions Made Under Arrest—Fruits of the Crime.**—It matters not whether defendant was or was not under arrest when his confessions were made; the same are admissible in evidence against him, if fruits of the crime are found in pursuance of his confessions.

APPEAL from the District Court of Eastland. Tried below before Hon. T. H. CONNER.

This appeal is from a conviction for burglary of a railroad car, the punishment being assessed at two years in the penitentiary.

The indictment was for burglary from a railroad car with intent to commit theft. It contained two counts, the first for a night-time burglary, and the second for a day-time burglary. Both counts alleged that the entry was by force, threats, fraud, and a breaking; and both alleged the ownership and possession of the car and property therein contained in one J. T. Wilson.

The evidence showed, that the car belonged to the Texas Central Railroad Company, and that the goods contained therein were consigned to merchants along the line of said railroad, and that J. T. Wilson, the alleged owner, was the depot and station agent of the Texas Central Railroad Company at Cisco, in Eastland County, and that the car and goods were in his possession and under his control, as agent, while on the track at that station. That on the evening before the

burglary the goods were transferred from the Texas & Pacific Railroad to this car on the Central Railroad track, and were sealed up in said car about 6 or 7 o'clock that evening. The next morning about 7 or 8 o'clock the seal upon the car was found to have been broken, the car to have been entered, and a number of articles of merchandise to have been taken. Two or three days thereafter, Wilson, with several others, among whom was Jonathan Eppler, marshal of Cisco, went to Clegg's livery stable, where defendant was employed, and found a portion of the stolen goods.

Jonathan Eppler testified: "I heard of the alleged burglary, and several days thereafter, in company with several others, I went to hunt for the goods which had been stolen from the car on the Central Road. Just before we got to where defendant was, he started to go towards Clegg's stable. I said to him, 'Hold up; I am looking for some things that were taken from the car on the Central Road a few nights past.' He said he knew nothing about it. We went on with defendant to the stable, and found some shoes, shirts, and pants under the stable. They were in a tow sack. Then two of the men went up in the loft and threw out a pair of men's shoes; and then defendant said: 'Yes; Holman Dowdy, Walter Sparks, and I got them from the car at night;' that Dowdy broke the seal, and he kept watch. I then said, 'You will have to go with me.' I never did tell him I wanted to arrest him. He told me that one of the pairs of shoes they got from the car was at Sparks' house, and the candy and some ladies' shoes and some shirts that they took were at Dowdy's house. I went and found the shoes, shirts, and candy were where he said they were. He told me where these things were when he first confessed that he had taken them from the car. I took defendant then and went to the justice's office. I identify the goods before me as the same found at Clegg's and Dowdy's houses. I am now, and was then, the marshal of Cisco."

The defense was insanity. The preponderance of the evidence upon this issue was clearly against such defense, and it is not even alluded to in the opinion below.

The principal errors assigned relate to the charge of the court, and refusal of special requested instructions. These matters are fully illustrated in the opinion, and no further statement in relation thereto is necessary.

No briefs for appellant have come to the hands of the Reporter.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appellant was convicted of burglary of a railroad car with intent to commit theft of goods therein situated, and his punishment assessed at two years' confinement in the penitentiary. The indictment alleges, that the goods in the car were the

property of and taken from the possession of J. T. Wilson, and that the car was, when entered, in his control, etc. Appellant requested an instruction defining and explaining the distinction between general and special ownership of property. This charge was refused. That J. T. Wilson had exclusive control, management, and possession of the car and property therein was not questioned on the trial of this case; that he had, was by the evidence placed beyond doubt; and this being the case, it made no difference whether he was the general or special owner.

Counsel for appellant requested the court to define "night-time," and to instruct the jury, that if they had a reasonable doubt as to the time the offense was committed, to acquit, etc. That the burglary was committed at night is rendered certain, and hence there was no necessity to define "night-time." Again, there are two counts, one charging that the car was entered at night, the other in the day-time; and in both a breaking is charged. Now, the proof showing a breaking force applied to the car, it is immaterial at what time the car was entered, whether night or day.

Special instructions in reply to an inquiry of the jury regarding the confessions of appellant were refused. The court gave in substance that which was requested. Whether appellant was or was not in arrest, his confessions were admissible, because fruits of the crime were found in pursuance of his confessions.

The evidence amply supports the verdict, and the judgment is affirmed.

*Affirmed.*

Judges all present and concurring.