UNITED STATES v. NORTH PAC. W. & T. CO. et al.

(First Division.   Juneau.   January 30, 1914.)

No. 836–B.

**1. INDICTMENT AND INFORMATION** 🔑132(3)—TWO OFFENSES CHARGED
—ELECTION.

The indictment against the defendants contained two counts,
charging two offenses.  On the trial, at the close of the case for
the government, the court on motion dismissed count No. 1 for
insufficiency of evidence.  Thereupon the trial continued, the
defendants introduced evidence in their behalf, and the trial re-
sulted in a disagreement of the jury.  Thereafter the defendants
moved to dismiss the indictment upon the ground that it charged
two offenses, in violation of the statute.  *Held*, while the indict-
ment was open to that objection at the beginning of the first
trial there had been an election to try defendants on the second
count, by the dismissal of the first count, before the defendants
put in their evidence, which cured the defect; the motion is
denied.

**2. INDICTMENT AND INFORMATION** 🔑132(3)—TWO OFFENSES CHARGED
—ELECTION.

Where the court, after the evidence is in, submits the case to
the jury, on an indictment containing several counts, on one
count, such submission will constitute an election on the part
of the state, and the other counts will be regarded as dismissed.

On January 9, 1914, defendants in this case filed the fol-
lowing motion:

"Come now the defendants, and each of them herein, and move
the court, each for himself or itself, to dismiss this. action upon the
records therein."

No specific part of the long record in the case is pointed out
as being that upon which defendants rely in said motion, but
on the oral argument of the motion the court was informed by
defendant's counsel that the point relied upon for a dismissal
is this, to wit:

The Supreme Court of the United States, in the case of C.
M. Summers v. United States, 231 U. S. 92, 34 Sup. Ct. 38,
58 L. Ed. 137, appealed from Alaska, held that in all criminal
prosecutions the Code of Alaska was to be followed, and not
the general procedure in criminal cases in the United States
courts, properly speaking; as that Code provided that an in-

dictment should charge but one crime, it was error for the Alaska court to overrule a demurrer to an indictment which charged more than one offense; the indictment in that case charged two offenses, and the trial court overruled a demurrer; at the trial of the case defendants were acquitted of the offense charged in count 1 and the jury disagreed as to count 2; therefore no further trial can be had.

The record in this case discloses the following facts:

(1) Defendants were indicted on the 12th day of February, 1912; the indictment contained two counts; the first count charges that defendants did unlawfully, knowingly, willfully, etc., engage in a combination and conspiracy in restraint of trade and commerce, by then and there combining and conspiring with each other to eliminate from and destroy competition in the wharfinger business at Skagway, Alaska, and to monopolize said business. Count 2 charges that during all the time mentioned in count 1 defendants did monopolize trade and commerce.

(2) On the 29th day of April, 1912, each of the defendants filed a demurrer, and each demurrer was upon several grounds. One of said grounds in each demurrer was:

"(8) That said indictment fails to charge but one crime and in one form only."

(3) The demurrer was argued and submitted and on the 3d day of May, 1912, the court overruled the same.

(4) Thereafter in the year 1912 the defendants entered pleas to the matters and things charged in the indictment—said pleas being, "Not guilty."

(5) Thereafter the trial of the issues made up by said indictment and said pleas was had.

(6) On January 20, 1913, at the close of the government's case the defendants moved to dismiss the indictment on account of insufficiency of the evidence. The motion does not appear in the record, but the order of the court does appear. It is as follows:

"It is ordered that the said motion be and it is hereby sustained as to count 1 of the indictment," etc. " * * * Thereupon, the jury being recalled, the trial of this case is continued to 10 o'clock a. m., and the jury excused until that time."

Further journal entries show that the trial on count 2 continued until January 27, 1913.

(7) On January 25, 1913, the court charged the jury on said trial as follows:

"(1) By reason of the charges set out in the indictment and the rulings of the court during the trial of the case thereon there is now on trial before you count 2 only of the indictment, charging only the following defendants in that count: [Then follows a list of the defendants.]"

On January 27, 1913, the said jury returned into court, and, announcing that they could not agree, the court entered an order discharging them, the said order being in words and figures as follows:

"Whereupon the court, being satisfied that the jury will not be able to arrive at a verdict in this case, discharges the jury from further deliberation herein, and this case is continued for a new trial, the time of said trial to be determined at some later date."

(8) On the 17th day of May, 1913, the then judge of this court entered the following order:

"Now, on this day, on consent of John Rustgard, United States attorney, and Royal A. Gunnison, Esq., of counsel for defendants herein, it is ordered that the matter of setting the above entitled case for trial be continued to Juneau at 10 o'clock a. m. on June 2, 1913, or as soon thereafter as counsel can be heard."

(9) On June 2, 1913, this court made an order as follows:

"It is ordered that the time for setting the above entitled cause for trial, be and it is hereby continued to the first day of the next regular term of court at Juneau, Alaska; provided, however, that counsel may call the case up at any time for setting for trial upon giving proper notice to counsel on the other side."

(10) On January 7, 1914, this court made an order as follows:

"Now on this day, United States Attorney John Rustgard appearing on behalf of the government, the defendants being represented by Messrs. Shackleford & Bayless and Gunnison & Robertson and John G. Heid, the trial of the above entitled cause is set to follow the trial of cause No. 837–B, United States v. Pacific & Arctic Railway & Navigation Company. [The record further shows that the case of United States v. Pacific & Arctic Railway & Navigation Company had been set for trial on the 2d day of February, 1914, a. m., subject to resetting for good cause to be shown.]"

The motion to dismiss on the record is now before the court.

John Rustgard, U. S. Atty., of Juneau, for plaintiff.

Shackleford & Bayless, of Juneau, Bogle, Graves, Merritt & Bogle, Farrell, Kane & Stratton, Ballinger, Battle, Hulbert & Shorts, and Ira Bronson, all of Seattle, Wash., and Gunnison & Robertson and John G. Heid, all of Juneau, for defendants.

JENNINGS, District Judge. It may be conceded that the indictment charges two offenses. An inspection of the record shows that counsel is in error in making the statement that defendants were acquitted on count 1. To the contrary, the record shows that, instead of defendants being acquitted on count 1, what was done was the sustaining by the court as to count 1 of a motion made by the defendants at the close of the government's case, to dismiss the indictment for insufficiency of the evidence.

Of course, the sustaining of that motion, being without any condition whatsoever, ended the trial as to count 1, and barred all future trials as to that count. The trial then proceeded as to count 2. Defendants introduced evidence in their behalf, and the trial resulted in a disagreement of the jury.

In the case of U. S. v. P. & A. Ry. & N. Co., 5 Alaska, 59, this court held:

(1) That although an indictment may contain the charge of more than one offense, a demurrer to it on that ground will not be sustained if an election of one count is timely made; for that, by the election of the one count, and the putting of the defendant to trial on that one count only, no prejudice to his rights on the merits would or could be sustained by him. The court is still satisfied that that is the law. The principle is as applicable to the case at bar as it was to the case 837–B.

In the case at bar an election has been made. It was made when count No. 1 was withdrawn from the consideration of the jury at the close of the government's case and before the defendants had put a single witness on the stand.

What is an election? What are its formalities? When may it be made?

"A formal election is not in all cases requisite, and its place may be supplied by a charge of the court withdrawing the objectionable counts from the consideration of the jury." 22 Cyc. p. 406, 4.

"The conviction was for murder in the first degree under the first count in the indictment, which charged appellant with murder upon express malice. The second count charged murder in the per-

petration of robbery. The latter count was not submitted to the jury. This was tantamount to an election by the state." Martin v. State, 47 Tex. Cr. R. 29, 83 S. W. 390.

"And it has been held that where the court, after the evidence is in, submits the case to the jury, on an indictment containing several counts, on one count, such submission will constitute an election on the part of the state, and the other counts will be regarded as dismissed. White's Ann. Code Cr. Proc. § 404, subd. 8. And see Clyde Parks v. State, 29 Tex. App. 597, 16 S. W. 532; Smith v. State, 34 Tex. Cr. R. 123, 29 S. W. 774; Moore v. State, 37 Tex. Cr. R. 552, 40 S. W. 287; Holt v. State, 39 Tex. Cr. R. 282, 45 S. W. 1016, 46 S. W. 829. And see Ency. Plead. & Prac. vol. 10, p. 553. We hold that the action of the court in submitting the case at a former trial on the first count was tantamount to an election and dismissal of the other counts in the indictment, and on the succeeding trial the case should have been submitted only on the first count." Parks v. State, 46 Tex. Cr. R. 100, 79 S. W. 303.

"But, if an election has been necessary, appellant cannot complain because the court submitted the first count only for the consideration of the jury, and this was tantamount to an election by the state." Smith v. State, 34 Tex. Cr. R. 124, 29 S. W. 775.

"Where there are several counts in an indictment, and the court limits the jury in their finding to one of said counts only, it is tantamount to an election by the state to rely upon that count alone. Dalton v. State, 4 Tex. App. 333; Weathersby v. State, 1 Tex. App. 643. The court is not required to charge upon a case not made, nor supported by any facts, except it be to direct an acquittal. It is the duty of the court to charge the law of the case. Where there is no evidence to support one or more of the counts included in the indictment it would not be incumbent upon the court to give in charge the law upon such count or counts. The court might have required that such unsupported counts be dismissed by the district attorney, or he might have informed the jury that the unsupported counts would be disregarded by them, and either of the latter modes of practice would have been perhaps the better practice; or the court could have instructed the jury to return a verdict for appellant upon the two latter counts, and then, under appropriate instructions, submitted the count charging the theft of the cattle. But the action of the court was tantamount to this. There was no error in the matter complained of, and we can see no reason why the verdict is not sufficiently certain to support the judgment when we look to the charge of the court." Parks v. State, 29 Tex. App. 597, 16 S. W. 532.

"*Time for Election.*—a. In general. Some conflict exists as to when an election should be compelled, some authorities holding that it should be as soon as the evidence of distinct offenses is developed, and others that the court may in its sound discretion permit proof of several offenses; but the authorities agree that an election will be required before defendant is required to introduce his proof." 22 Cyc. 408, and cases cited thereunder.

In the Summers Case two offenses were·charged, a demurrer on that ground was interposed, no election was made, the demurrer was overruled, an appeal was taken, and the Supreme Court said there was error. Error—why? Because two offenses were charged; no election was made. Defendant said: "I will test the correctness of the ruling on the demurrer. You have charged two offenses, and I don't know which to prepare for." In the case at bar two offenses are charged. A demurrer on that ground was interposed. No election was then made. What did defendants then do? They did not stop then and there, standing mute, as did Summers—saying in effect: "I know not which offense you purpose to try me on." On the contrary, they entered pleas of not guilty. They went to trial. At the trial an election was made. It was made (as said in the text and decisions cited) when the court dismissed count 1. That left count 2 as the count on which the trial proceeded. If they had been acquitted on count 2, of course that would have been an end of the case. If they had been convicted on count 2, perhaps the conviction would have been set aside because the election was not sooner made; but the defendants are not in any position to say now that the election has not been made in time. That election was made on the 20th of January, 1913. Ever since that date they have known that the only charge they are to be tried on is the charge contained in the second count of the indictment. They are therefore in a better position now than they were at the beginning of the other trial. Then they could say: "We know not what charge to prepare for." Now they cannot say that. Whatever error there was before, now that error has been cured.

Counsel asks what would have been the result if defendants had been convicted on count 1. If they had been convicted on either count at that former trial, the conviction could probably have been set aside, because the error under which they entered upon the trial was not cured in time. But they were not convicted on either count. Neither were they acquitted on either count, and now the error has been cured.

The motion is denied.