## DAVID SMITH V. THE STATE.

No. 10071.  Delivered April 7, 1926.

Rehearing denied June 2, 1926.

**1.—Theft—Ownership—Properly Alleged and Proven—No Variance.**

Where the ownership of the automobile, the subject of the theft, is laid in J. L. Lindsey and the proof showed the automobile to be in the possession and control of a firm consisting of said J. L. Lindsey and L. H. Krough, there was no variance.  The rule is correctly stated by Mr. Branch in paragraph 4. Sec. 2434 of his P. 'C., as follows: "When the property is owned either by general or special owners in common or jointly between two or more persons, the ownership may be alleged to be in all, or either of them."

**2.—Same—Charge of Court—Affirmative Defense—Properly Presented.**

Where the court charged affirmatively, appellant's defensive theory,

that if they found that defendant believed that he had the right to use the car in question in furtherance of the business of Lindsey & Krough and did so without any intent to deprive the owner of the car, or if they had a reasonable doubt thereof, to acquit him, correctly presented his defensive theory to the jury.

ON REHEARING.

**3.—Same—Ownership—In Special Owners—May Be Averred.**

On rehearing appellant contends that the automobile in question, being in the legal custody of the sheriff, and having been stored by him with Lindsey & Krough, ownership should have been alleged and proven in the sheriff. We cannot agree with this contention. Lindsey & Krough were in actual possession of the car. They had insurance upon it. It was in their care within the statutes, and they in law were the special owners at the time it was taken without their consent. See Frazier v. State, 18 Tex. Crim. App. 434, and other cases cited. In Branch's Ann. P. C., Sec. 2447, are collated many cases illustrating the distinction between a special owner and a mere custodian.

Appeal from the District Court of Bexar County. Tried below before the Hon. W. W. McCrory, Judge.

Appeal from a conviction for theft of an automobile, penalty two years in the penitentiary.

The opinion states the case.

*Davis & Wright* of San Antonio, for appellant.

*C. M. Chambers,* District Attorney of Bexar County; *Carl Wright Johnson,* Assistant District Attorney of Bexar County; *Sam D. Stinson,* State's Attorney, and *Robert M. Lyles,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is theft of property over the value of $50.00, and the punishment is two years in the penitentiary.

The indictment charges the theft of an automobile from J. L. Lindsey. The testimony shows that J. L. Lindsey was in partnership with one L. H. Krough and that this firm had possession and control of the automobile at the time it was stolen. Appellant seriously contends that the proof does not meet the allegations in the indictment, in that same charges that the property was stolen 'from Lindsey and the proof shows that it was in the custody of Lindsey and Krough. The rule is correctly stated by Mr. Branch as follows:

"When property is owned either by general or special owners in common, or jointly between two or more persons, the ownership may be alleged to be in all or either of them." Par.

4, Sec. 2434, Branch's P. C. for many authorities supporting this rule.

We think the facts are clear to the effect that Lindsey and Krough had the actual care, custody and management of this property and under the authorities above cited, the state was well within its rights in alleging the ownership to be in Lindsey alone.

Various criticisms are levelled at the court's charge. We have examined same very carefully and are of the opinion that they are without merit. Appellant's testimony raised the issue that he believed that he had a right to use the car in quesion in furtherance of the business of Lindsey and Krough and did so without any intent to deprive the owner of the car. The court pertinently and fairly submitted this issue to the jury by telling them that if they found such to be appellant's intent from the evidence, or if they had a reasonable doubt thereof to acquit him.

Finding no error in the record, the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The ownership of the stolen property is laid in J. L. Lindsey. Appellant takes the position that Lindsey was a mere custodian and that the real ownership should have been laid in the sheriff and cites many authorities in support of his position. However, it is not believed that the appellant's contention is supported by the evidence, the substance of which we quote from the appellant's brief as follows:

"J. L. Lindsey testified: 'As to the circumstances under which I lost that car I will state the car I had in storage at 411 Main Avenue, on the third floor. The car originally belonged to the San Antonio Motor Sales Company, they sold the car and it was foreclosed on by the sheriff's office, and they had advertised it for sale, and the sheriff had it, and I had charge of all that stuff at the time. They turned over all of that stuff to me, and I was handling it just as fast as it came in. I guess I had forty-five or fifty cars on the third

floor. And when the sheriff came down there to sell the car, I could not find it; I did not know where it was, in fact that is the first time I had missed it.' (S. F. p. 2).

"He also testified: 'As to whether this car belonged to the San Antonio Motor Sales Company, will state, it really belonged to the Union Securities Company; they had the notes on it, and we had a contract—we bought all of that stuff, as quick as it was sold we taken it over. It really belonged to the sheriff, that is who it belonged to, because the sheriff had the receipts.' (P. 6.)

"L. H. Krough testified that he was the partner of J. L. Lindsey."

Krough and Lindsey each testified that they did not consent to the taking of the property. It occurs to us that the sheriff was the general owner and Lindsey the special owner. The announcements of the court found in Frazier's case, 18 Tex. Crim. App. 434, particularly on page 442, are in accord with the correctness of the ruling of the trial court. Lindsey and his partner were clearly in possession of the property somewhat in the attitude of warehousemen. The property was in their warehouse. They had insurance upon it. It was in their care within the statute. We think they were special owners. See Rabe v. State, 85 Tex. Crim. Rep. 373; McKnight v. State, 70 Tex. Crim. Rep. 470, and other cases collated in the opinion. See also Torrence v. State, 85 Texas Crim. Rep. 311. An exhaustive citation of authorities will be found in 21 L. R. A. (N. S.) 312. Among them are King v. State, 100 S. W. 387; Smith v. State, 34 Tex. Crim. Rep. 124; King v. State, 43 Tex. Rep. 351; Cox v. State, 43 Tex. Rep 101; Hill v. State, 11 Tex. Crim. App. 132. In Branch's Ann. Tex. P. C., Sec. 2447, are collated many cases illustrating the distinction between a special owner and a mere custodian. A review of them is deemed inexpedient. Suffice it to say that our examination of them and others has lead us to the conclusions stated, namely, that Lindsey was not a mere custodian but a special owner.

The evidence being conclusive and without controversy that Lindsey was in possession of the property, the complaint of the charge with reference to the court using the words "legal possession" we think is not such a fault as would warrant a reversal.

The motion for rehearing is overruled.

*Overruled.*