## EX PARTE ROSS CRAWFORD.

### *No. 912.   Decided June 3rd, 1896.*

**Habeas Corpus—Judgment—Cumulative Punishments.**

Where a defendant had been convicted in three cases of felony, and the penalties, were not made cumulative in the judgments proper in the last two cases, but were so made in the final judgment, and the sentence pronounced in the second one of the cases, and defendant having served out his sentence under the first of the three judgments, applied for a writ of habeas corpus to be relieved from custody under the last two, upon the ground that his penalties for the same had not been cumulated in the original judgments proper.   Held:  There is no occasion why the punishments, if cumulative, should go into the entry of the original formal judgment; and the law does not require that they should; but they are properly entered in the final judgments and sentences, and, being so entered, they are not void; and, not being void, defendant cannot avail himself of habeas corpus as a remedy for relief against such cumulative punishments.

FROM the County of Williamson.

This proceeding is an original application to the Court of Criminal Appeals for a writ of habeas corpus to relieve applicant from imprisonment in the penitentiary under two final judgments and sentences which had cumulated the penalties against him.

The opinion states the case.

*W. F. Robertson,* for relator.—Before punishment can be made cumulative under the statute, the judgment in the second, or subsequent cases, shall be, that the punishment in the second, or subsequent cases, shall begin when the judgment and sentence in the preceding conviction have ceased to operate.   Code Crim. Proc., Art. 800; Mosely v. State, 30 Tex. Crim. App., 338; Ex parte Hunt, 28 Tex. Crim. App., 361; Ex parte Cox, 29 Tex. Crim. App., 84.

The judgment should set forth the amount and duration of the punishment.   Mayfield v. State, 40 Texas, 289.

A judgment and sentence are distinct, and not the same, and the sentence cannot pronounce a penalty that is not fixed by the judgment based upon a verdict of a jury in any case.   Burrell v. State, 16 Texas, 147; Arcia v. State, 26 Tex. Crim. App., 193; Mayfield v. State, 40 Texas, 289; Mapes v. State, 13 Tex. Crim. App., 85; Hill v. State, 10 Tex. Crim. App., 673.   Code Crim. Proc., Art. 791, defines a judgment, and Article 792 defines a sentence.   There is but one final judgment in any case.   The sentence is no part of the judgment; no more than an execution is part of the judgment.   It is not the "final judgment," but must, in all felony cases, follow and conform to the judgment.   Applicant is now being held under a void sentence or order of the court, and should be released on habeas corpus.   In re Swan, 150 U. S., 636; Code Crim. Proc., Arts. 817 to 825; Ex parte Ryan, 17 Nev., 139; People v. Cummings, 14 Law Rep. Ann., 285; Ex parte Schwartz, 2 Tex. Crim. App., 74; 9 Amer. and Eng. Ency. of Law, 225.

*Mann Trice,* Assistant Attorney-General, for respondent.

[No brief found with the record.—Reporter.]

HENDERSON, Judge.—This is an original application to this court for a writ of habeas corpus; the alleged ground being that, the applicant having been convicted in the District Court of Williamson County in three cases of felony, the sentences were not made cumulative in the judgment proper, and, although they were made cumulative in the final sentences, that this is not in conformity with the statute on the subject, and the sentences cannot thus be made cumulative. The applicant shows that he served his first sentence, and claims that he ought to be enlarged as to the punishment for the other offenses, which is made cumulative only in the sentences. By Art. 840, Code Crim. Proc., 1895 (which is a re-enactment of the Act of 1883), it is provided: "When the same defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement in the penitentiary, or the county jail for a term of imprisonment, the judgment and sentence shall be rendered and pronounced in each case in the same manner as if there had been but one conviction, except that the judgment in the second and subsequent convictions shall be that the punishment shall begin when the judgment and sentence in the preceding conviction shall have ceased to operate, and the sentence and execution thereof shall be accordingly." It is contended that, inasmuch as the article in question uses the term "judgment," and says "that the 'judgment' in the second and subsequent conviction shall be," etc., it is mandatory before the sentences can be held cumulative, that the judgment shall recite the cumulations. In this connection, applicant cites Article 831, Code Crim. Proc. 1895, defining a judgment in a felony case, and also Article 832, defining a sentence. Now, it will be observed that, in the trial of a case, the jury has nothing whatever to do with the record of the preceding trial in regard to cumulative penalties. This is a matter exclusively for the court, who, it is presumed, inspects the record of such former convictions, and imposes the penalty accordingly. By reference to Art. 831, it will be seen that cumulative penalties are not provided for in the recitations of the judgment. As to the punishment, the jury prescribes that in each case; and Subdiv. 10 of said last mentioned article provides that "the defendant be punished as has been determined by the jury in cases where they have the right to determine the amount or the duration and place of punishment, in accordance with the nature and terms of the punishment prescribed in the verdict." Article 832 provides: "A sentence is the order of the court made in the presence of the defendant and entered of record, pronouncing the judgment and ordering the same to be carried into execution in the manner prescribed by law." Here we have the terms pronouncing the judgment," "ordering the same to be carried into execution," etc. "Pronouncing" means "to utter formally, officially, or solemnly; to declare or affirm"—that is, to utter formally and solemnly the judgment of the court, and order the same to be carried into execution. And it has been repeatedly held by this court that the sentence is the final judgment in the case, only after which will the jurisdiction of this court

attach.   So, we take it that, when Article 840, with reference to cumulative punishments, uses the term, "Judgment and sentence shall be rendered and pronounced in each case in the same manner as if there had been but one conviction, except that the judgment in the second and subsequent convictions, shall be that the punishment shall begin when the judgment in the preceding conviction has ceased to operate," etc., it has reference to the final judgment and sentence.   There is, as stated, no provision for the entry of these cumulative sentences in the original first judgment.   There is no particular occasion why it should go into said entry.   When the final judgment and sentence comes to be rendered, the court inspects all the preceding judgments of conviction that may have been rendered against a defendant, and, with all of them before him, cumulates the punishments, and renders the final judgment accordingly. Of course, it would do no harm if the cumulative punishments go into the entry of each formal judgment; but there appears to us no necessity why this should be so, and we do not understand the statute to require it.   Concede, however, that Article 840 bears the construction for which the appellant contends.   Then he is equally without relief, so far as this court is concerned.   If he was dissatisfied with the entry as made in the sentence cumulating his punishment, he had his right of appeal in order to have the same corrected.   The entry of cumulative punishments in the final judgment and sentence, certainly cannot be treated as void, and, not being void, he cannot avail himself of the remedy by habeas corpus. See, Church, Hab. Corp., §§ 365, 365a, 365b;  Ex parte Dickerson, 30 Tex. Crim. App., 448;  Ex parte Wilson, 114 U. S., 417.    This application for writ of habeas corpus is refused.

*Application Refused.*

HURT, Presiding Judge, absent.