## L. E. Colson v. The State.

No. 3731. Decided October 20, 1915.

### 1.—Free Ride—Freight Train—Justice Court—County Court—Trial De Novo.

Where appellant was convicted in the Justice Court for a misdemeanor, and appealed to the County Court, the cause should have been tried de novo.

### 2.—Same—Appeal—Final Judgment.

Where the judgment in the Justice Court was a sufficient final judgment, from which an appeal was taken to the County Court, the latter court should have entertained jurisdiction, and tried the case de novo. Ex parte Dickerson, 30 Texas Crim. App., 448, and other cases.

Appeal from the County Court of Henderson. Tried below before the Hon. C. D. Owen.

Appeal from a conviction in Justice Court for illegally riding on a freight train; penalty, a fine of $5.

The judgment in the Justice Court from which appeal was taken to the County Court, is as follows:

"On this, the 3rd day of June, 1915, the above entitled and numbered cause was called for trial. The defendant appeared in open court and plead guilty, and his punishment was fixed at a fine of $5, and all costs of the court. On the above named date, the defendant in the above entitled and numbered cause, by his attorney, filed a motion for an appeal to the honorable County Court of Henderson County, Texas.

Said motion was granted by the court, and all papers in said cause are hereby transferred to the honorable County Court of Henderson County, Texas. Signed, W. H. Chapman, justice of the peace, precinct No. 8, Henderson County, Texas." An appeal bond was approved and duly filed.

*Miller & Miller,* for appellant.—Cited Terry v. State, 30 Texas Crim. App., 408, 17 S. W. Rep., 1075; Ex parte Dickerson, 30 Texas Crim. App., 448.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, JUDGE.—This case arose in the Justice Court, and the conviction there occurred, and a fine of $5 imposed and all costs of court.

The complaint charged the defendant with boarding a freight train on the track of the St. Louis Southwestern Railway Company with intent to obtain a free ride, and without any lawful business thereon, and without the consent of the conductor in charge of said train.

Motion was made in the County Court to dismiss the appeal for want of final judgment and sustained by the court. Notice of appeal was given to this court. The Assistant Attorney General asks this court to dismiss this case because there was no final judgment in the Justice Court, and that the action of the County Court in dismissing the appeal was correct. This motion can not be sustained. The judgment is a sufficient final judgment, and the County Court should have entertained jurisdiction and tried the case de novo. Terry v. State, 30 Texas Crim. App., 408; Ex parte Dickerson, 30 Texas Crim. App., 448; Ex parte Cox, 53 Texas Crim. Rep., 240; Ex parte Williford, 50 Texas Crim. Rep., 417; Ex parte White, 50 Texas Crim. Rep., 473; Ex parte Crawford, 36 Texas Crim. Rep., 180. Some of these cases are not directly in point, but all bear on the question, and all approve Ex parte Dickerson, supra.

For the reasons indicated the judgment is reversed and the cause remanded for trial de novo in the County Court.

*Reversed and remanded.*