Robert GORDON, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 57414, 57415.

Court of Criminal Appeals of Texas, Panel No. 3.

Sept. 27, 1978.

Opinion On State's Motion For Rehearing Jan. 10, 1979.

Jeffrey A. Kearney, Fort Worth, for appellant.

Tim Curry, Dist. Atty., Marvin Collins, Joseph Drago, III, Stephen R. Chaney and Candyce W. Howell, Asst. Dist. Attys., Fort Worth, for the State.

Before ROBERTS, PHILLIPS and VOLLERS, JJ.

## OPINION

ROBERTS, Judge.

These are appeals from orders of the court revoking the appellant's probation in two cases. [Cause No. 10085 (our Cause No. 57,414) and Cause No. 10238 (our Cause No. 57,415) in Criminal District Court No. 3 of Tarrant County.] The trial judge found that the appellant had violated a condition of each of his probations, and sentenced the appellant in each case to four years' confinement in the Texas Department of Corrections. However, the sentence in Cause No. 10238 (our Cause No. 57,415) reflects that the trial judge ordered that the punishment in Cause No. 10238W (our Cause No. 57,415) would not begin until the judgment and sentence in Cause No. 10085 (our Cause No. 57,414) had ceased to operate.[1]

The appellant contends that the allegations in the State's motion to revoke were fundamentally defective and that the trial judge could not cumulate the sentences.

On May 12, 1977, the appellant pleaded guilty to the offense of unauthorized use of a motor vehicle in Cause No. 10085 (our Cause No. 57,414) and to the offense of theft of property over $200 and under $10,000 in Cause No. 10238W (our Cause No. 57,415). The appellant was assessed a four-year probationary term in each case. One of the conditions of each of the appellant's probations was that he "a. [c]ommit no offense against the laws of this State or any other State or the United States."

On June 13, 1977, the State filed a motion to revoke in both of the cases. Each motion alleged, in part, that the appellant had violated a condition of his probation in that:

"[T]he said ROBERT GORDON, in the County of Tarrant and State aforesaid, on or about the 8th day of June, 1977, did then and there unlawfully, intentionally and knowingly operate, without the effective consent of the owner, Leroy Rogers, one motor-propelled vehicle, to-wit: automobile, against the peace and dignity of the State."

On July 26 and 27, 1977, a hearing was held on the State's motions. At the close of that hearing, the trial judge found that the appellant had violated a condition of each of his probations by unlawfully, intentionally and knowingly operating an automobile without the effective consent of Leroy Rogers, the owner, as alleged in the motion to revoke. The trial judge sentenced the appellant to four years' confinement in each case, but further ordered that the punishment in Cause No. 10238W (our Cause No. 57,415) would not begin until the judgment and sentence in Cause No. 10085 (our Cause No. 57,414) had ceased to operate.

The evidence adduced at the hearing reveals that on the evening of June 8, 1977, at approximately 9:30 p. m., Gary Utley, a manager at Bill McDavid Pontiac in Fort Worth, heard what sounded like a vehicle running into a chain at the east end of the car lot. At the same time, he heard a customer yell, "The guy's stealing the car." Utley saw a 1975 Chevrolet El Camino being driven over a chain blocking the exit from the car lot. Utley ran to his car and pursued the El Camino for approximately six blocks. At that time, he saw the driver. Utley then stopped pursuing the El Camino and returned to the car lot. When he returned to the car lot, Officer Dan Miller of the Fort Worth Police Department had arrived to investigate the incident. Utley explained what happened and Miller broadcast a description of the El Camino and the license plate number over his police radio.

1. Article 42.08, Vernon's Ann.C.C.P.

Shortly thereafter, Officers Chesshire and Owen, each in a marked police car, and Officer Thompson, on a police motorcycle, located the El Camino and a high speed chase ensued. Additional police units, including a police helicopter, assisted Chesshire, Owen and Thompson. During the chase, Owen saw the appellant driving the El Camino.

Eventually, the El Camino was driven to 314 Templeton. The appellant and the passenger got out and started to run around the house located at 314 Templeton. Thompson continued to pursue the two men, first on his motorcycle and later on foot, and he eventually caught both men. However, the appellant broke away from Thompson and attempted to gain entry into the house at 314 Templeton. At that time, Chesshire apprehended the appellant.

■ The appellant's first contention is that the State's allegations in the motions to revoke were fundamentally defective for failing to allege what condition of his probations the appellant allegedly violated.

In each case, the State's motions for revocation alleged:

"the Defendant, ROBERT GORDON, was ordered by the Court to commit no offense against the laws of this State or any other State or the United States. The Defendant, ROBERT GORDON, in the County of Tarrant and State of Texas, on or about the 8th day of June, 1977 did then and there knowingly and intentionally appropriate property, other than real property, to-wit: one automobile of the value of $200, or more, but less than $10,000. from the owner, Leroy Rogers, without the effective consent of the owner and with intent to deprive the owner of the property;

"COUNT TWO: and it is further presented in and to said Court that the said ROBERT GORDON, in the County of Tarrant and State aforesaid, on or

about the 8th day of June, 1977, did then and there unlawfully, intentionally and knowingly operate, without the effective consent of the owner, Leroy Rogers, one motor-propelled vehicle, to-wit: automobile, against the peace and dignity of the State."

In each case, the trial judge's order revoking probation relied on the second paragraph of the State's allegations. In neither case did the appellant file a motion to quash on the basis of the ground relied upon on appeal.

In *Garner v. State*, 545 S.W.2d 178, 179 (Tex.Cr.App.1977), we stated:

"[W]hile the allegations in a motion to revoke probation do not require the same particularity of an indictment or information, in all fairness the allegations as to violation of probation should be fully and clearly set forth in the revocation motion, so that the defendant and his counsel might be informed as to that upon which he will be called to defend." (Citations omitted)

We hold that the appellant was given fair notice that the State was going to attempt to prove that the appellant had violated condition "a" of his probationary terms.

■ Furthermore, in the absence of a motion to quash, any error was waived. *Johnson v. State*, 498 S.W.2d 198 (Tex.Cr. App.1973). *Cf. Barrow v. State*, 505 S.W.2d 808 (Tex.Cr.App.1974). Appellant's first contention is without merit.

The appellant's second contention is apparently one of first impression for this Court: Does a trial judge have the power to order a cumulation of sentences when he revokes felony probation and neither the original judgment suspending the imposition of sentence and placing the defendant on probation nor the order placing the defendant on probation provides for a cumulation of the sentences?[2]

2. In *Spencer v. State*, 503 S.W.2d 557 (Tex.Cr. App.1974), the defendant was convicted of burglary with intent to commit theft. The trial judge suspended the imposition of sentence and placed the defendant on probation. During

the defendant's probationary term, the appellant was convicted of the offense of possession of marihuana. The State filed a motion to revoke and the trial judge revoked the defendant's probation on the basis of the marihuana

Our inquiry begins with Article 42.08, Vernon's Ann.C.C.P., which states:

"When the same defendant has been convicted in two or more cases, and the punishment assessed in each case is confinement in an institution operated by the Department of Corrections or the jail for a term of imprisonment, judgment and sentence shall be pronounced in each case in the same manner as if there had been but one conviction, except that in the discretion of the court, the judgment in the second and subsequent convictions may either be that the punishment shall begin when the judgment and sentence in the preceding conviction has ceased· to operate, or that the punishment shall run concurrently with the other case or cases, and sentence and execution shall be accordingly."

It is well established that where a trial judge does not order that two sentences in two different prosecutions shall be cumulative, the terms of imprisonment automatically run concurrently. *Ex Parte Reynolds*, 462 S.W.2d 605 (Tex.Cr.App.1970). Thus, the appellant argues that since the judgments placing him on probation did not indicate that the sentences were to be cumulative, the attempted cumulation after revocation was ineffective.

In *Ex Parte Crawford*, 36 Tex.Cr.R. 180, 36 S.W. 92 (1896), this Court held that where a cumulation order was attached to and made a part of the sentence rather than the judgment proper, the cumulation order was not void; that the sentence is in fact the final judgment in a case; and that while a cumulation order could be placed in both the judgment and the sentence, there is no necessity that the order be placed in both the judgment and the sentence. Therefore, this Court held that a cumulation order in a sentence is proper.

In cases where felony probation is granted, there is no sentence until after probation is revoked, if at all, because the imposition of sentence is suspended. Article 42.-12, Vernon's Ann.C.C.P.; *Teel v. State*, 432 S.W.2d 911 (Tex.Cr.App.1968). Therefore, the trial judge in the present case could not have placed the cumulation order into the sentence until the appellant's probations were revoked. However, this does not mean that the trial judge could not have properly placed the cumulation order into the judgment granting probation and the order granting probation.[3]

Thus, the underlying issue that must be resolved is *when* does a trial judge have to order the cumulation of punishment where he has suspended the imposition of sentence and placed the defendant on felony probation. In other words, must the trial judge

conviction. However, the trial judge ordered the sentence for burglary to run cumulatively with appellant's sentence for possession of marihuana.

This Court, speaking through Presiding Judge Onion, stated:

"Since as in the instant case the sentence was imposed for the first time following appellant's revocation, the court was free to cumulate the sentence with prior outstanding sentences. See Article 42.08, Vernon's Ann. C.C.P.; *Ex parte March*, 423 S.W.2d 916 (Tex.Cr.App.1968). Therefore, Appellant's last contention is without merit." *Spencer v. State*, supra at 562.

In *Ex Parte March*, 423 S.W.2d 916 (Tex.Cr. App.1968), this Court held that where the imposition of sentence is suspended and the sentence imposed for the first time upon revocation of probation, the trial judge is free to cumulate the sentence with prior outstanding sentences.

However, neither *Spencer* nor *Ex Parte March* expressly considered whether the judgment suspending the imposition of sentence and placing the defendant on probation (and the order placing the defendant on probation) had to reflect the cumulation order. That is, neither case directly addressed *when* a trial judge has to order the cumulation of punishment where he has suspended the imposition of sentence and place the defendant on felony probation. Moreover, the Court did not consider the effect of Article 42.12, Section 8(a), Vernon's Ann.C.C.P., in either case. In light of our disposition of the present case, our holdings in *Spencer* and *Ex Parte March* are overruled to the extent that they are in conflict with the present decision.

3. In *Ex Parte Davis*, 542 S.W.2d 117 (Tex.Cr. App.1976), we held that where a cumulation order is found *only* in an *order* granting probation and not also in the *judgment* granting probation, the cumulation order was not effective.

order cumulation when he grants felony probation and include such order in the judgment granting probation (and in the order placing the appellant on probation), or can he wait until he revokes probation and formally sentences a defendant?

This issue is rendered more complicated by what we noted earlier; under our holding in *Ex Parte Crawford*, supra, a cumulation order will be effective if it is in *either* the judgment or the sentence. Thus, the obvious extension of *Ex Parte Crawford* would be to hold that the trial judge's action in the present case was proper.

However, two additional factors distinguish the situation where felony probation is granted from the situation where felony probation is not granted. First, Article 42.-12, Vernon's Ann.C.C.P., is violated by a trial judge if a cumulation order is entered when he revokes probation. Article 42.12, Section 8(a), Vernon's Ann.C.C.P. states, in part, that:

"If probation is revoked, the court may proceed to dispose of the case is if there had been no probation, or if it determines that the best interests of society and the probationer would be served by a shorter term of imprisonment, reduce the term of imprisonment originally assessed to any term of imprisonment not less than the minimum prescribed for the offense of which the probationer was convicted."

Thus, Article 42.12, Section 8(a), Vernon's Ann.C.C.P., empowers a trial judge to reduce the punishment originally assessed a probationer upon revocation of probation if the best interests of society and the probationer would be served thereby. However,

Article 42.12, Section 8(a), Vernon's Ann.C.C.P., *does not* specifically empower a trial judge to *increase* the punishment originally assessed a probationer. Nor do we construe the language of Article 42.12, Section 8(a), Vernon's Ann.C.C.P.—"[i]f probation is revoked, the court may proceed to dispose of the case as if there had been no probation" —as language empowering the trial judge to *increase* a probationer's punishment upon revocation of his probation.

However, if a trial judge enters a cumulation order when he revokes a probationer's probation, the punishment in the probated case would be effectively increased due to the cumulation order. For example, in the present case, the judgments placing the appellant on probation reflect that the appellant was assessed two four-year probationary terms. In the absence of a cumulation order, those two four-year probationary terms were to be served concurrently. Article 42.08, Vernon's Ann.C.C.P.; *Ex Parte Reynolds*, supra. However, when the trial judge revoked the probationary terms, he ordered that the punishment in Cause No. 10238W (our Cause No. 57,415) would not begin until the judgment and sentence in Cause No. 10085 (our Cause No. 57,414) had ceased to operate. Thus, the appellant's punishment, upon revocation of his probation, was in fact increased to eight years. As such, the trial judge's action in entering a cumulation order violated Article 42.12, Section 8(a), Vernon's Ann.C.C.P.[4]

Second, we believe that a probationer should be entitled to know the extent of his punishment at the time he is placed on probation. *Cf.* Article 37.06, Vernon's Ann. C.C.P. Unless a cumulation order is pro-

---

4. We realize, of course, that there are situations where a cumulation order could be entered when probation was revoked which would not involve an increase in punishment. For example, in the present case, if the trial judge had reduced the appellant's punishment in each case to two years and then entered an order that the punishment in Cause No. 10238W (our Cause No. 57,415) would not begin until the judgment and sentence in Cause No. 10085 (our Cause No. 57,414) had ceased to operate, no increase in the punishment in Cause No. 10238W (our Cause No. 57,415) would have resulted.

In situations where a cumulation order does not increase the factual term of incarceration, the above argument is not applicable.

Of course, where a trial judge's cumulation order does increase punishment after revocation, an additional issue is presented: whether an increase in punishment after revocation of punishment violates due process under *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). *Cf. Bouie v. State*, 565 S.W.2d 543 (Tex.Cr.App.1978); *Lechuga v. State*, 532 S.W.2d 581 (Tex.Cr.App.1975).

nounced at the time probation is granted and included in the judgment granting probation, a probationer could have no notice that his punishment will be cumulated if and when his probation is revoked, and thus he could not be aware of the full extent of the punishment assessed him. Knowledge that his punishment will be cumulated upon revocation may constitute, at least for some probationers, an additional positive incentive to live within the conditions of probation. Moreover, we hold that it is undesirable, as a matter of policy, to "surprise" a probationer upon revocation with the knowledge that his punishment was being increased above that which was assessed by the jury or trial judge months or even years earlier.[5]

These additional factors persuade us that the general rule of *Ex Parte Caldwell* —that a cumulation order is effective regardless of whether it is contained in the judgment or sentence—is inapplicable where a trial judge grants felony probation. We hold that the proper time for a trial judge to order cumulation in a case where he grants felony probation is when probation is granted and that unless the cumulation order is reflected in at least the judgment granting probation, the cumulation order is ineffective.

In the present case, the cumulation order is contained only in the sentence in Cause No. 10238W (our Cause No. 57,415). Therefore, the cumulation recitals in the sentence in Cause No. 10238W (our Cause No. 57,415) are ineffective and are therefore ordered deleted therefrom.[6]

Finally, we have reviewed the appellant's pro se allegations and we find them to be without merit.

The sentence in Cause No. 10238W (our Cause No. 57,415) is reformed and the judgment therein is affirmed. The judgment in Cause No. 10085 (our Cause No. 57,414) is affirmed.

VOLLERS, Judge, concurring and dissenting.

The majority in this case confuses the distinction between "punishment" and "sentence" under Texas law. The "punishment" assessed by the trial court in this case was confinement for a term of four years in each case, to be served upon probation. The "sentence" was the court's order determining when this punishment was to be served. The sentence pronounced in this case which required that one term be served after the other is completed does not increase the probationer's punishment upon revocation of his punishment any more than it increases his punishment to sentence him to the penitentiary after he had been placed upon probation.

I certainly cannot agree to that Article 42.12 Section 8(a) V.A.C.C.P. is violated by the trial judge when a cumulation order is entered after he revokes probation and sentences the appellant. That section merely grants to the trial judge the authority to reduce the term in the penitentiary upon revocation of probation, and has nothing to do with the pronouncement of sentence. This case is properly controlled by *Spencer v. State*, 503 S.W.2d 557 (Tex.Cr.App.1974) where this Court held that where the sentence is imposed for the first time following revocation of probation the court was free to cumulate the sentence with prior outstanding sentences. The cumulation order in this cause is valid and the sentence in Cause number 10238W (our cause number 57,415) should not be reformed. I concur in the affirmance of both of these cases, but dissent to the action of the majority in reforming the sentence in Cause number 54,415.

Before the Court en banc.

### OPINION ON STATE'S MOTION FOR REHEARING

DOUGLAS, Judge.

■ After the Court, under its rules, ordered a rehearing, the State filed a motion

---

5. *Cf. McNew v. State* (Tex.Cr.App.1978); No. 56,669 (delivered February 15, 1978). *Walker v. State*, 557 S.W.2d 785 (Tex.Cr.App.1977).

6. Under our decision in *Ex Parte Reynolds*, supra, the sentences will run concurrently.

for rehearing. The rehearing is granted, and that part of the original opinion declaring the cumulation order invalid and reforming the sentence is set aside and the judgments including the cumulation orders are now affirmed.

The issue is: Does a trial judge have power to cumulate sentences after revoking probation in a felony case?

The question was answered in *Spencer v. State*, 503 S.W.2d 557 (Tex.Cr.App.1974), where this Court wrote: "Since as in the instant case the sentence was imposed for the first time following appellant's revocation, the court was free to cumulate the sentence with prior outstanding sentences." In the present case the sentence was imposed after the revocation of probation.

It makes no difference that Article 42.12, V.A.C.C.P., does not provide for the cumulation of sentences because Article 42.-08, V.A.C.C.P., provides for their cumulation.

The cumulation of sentences has been approved by this Court for eighty-two years. See *Ex parte Crawford*, 36 Tex. Cr.R. 180, 36 S.W. 92 (1896); *Ex parte March*, 423 S.W.2d 916 (Tex.Cr.App.1968); and *Ex parte Davis*, 542 S.W.2d 117 (Tex. Cr.App.1976). The opinion on original submission does not give sufficient reasons to change the rule and nullify Article 42.12, supra.

For the above reasons, both sentences as originally pronounced are affirmed.

ROBERTS and PHILLIPS, JJ., dissent.

CLINTON, J., not participating.