NO. 07-00-0153-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JULY 24, 2001

______________________________

RANDALL HORACE POWELL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_________________________________

FROM THE 262
ND
 DISTRICT COURT OF HARRIS COUNTY;

NO. 9425627; HONORABLE MIKE ANDERSON, JUDGE

_______________________________

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Appellant Randall Horace Powell appeals from the revocation of probation from his conviction for driving while intoxicated.  By three issues he urges that the trial court abused its discretion in evaluating the evidence at the revocation hearing.  We affirm. 

BACKGROUND

On January 13, 1995, appellant pled guilty to a charge of driving while intoxicated.  The trial court found appellant guilty and sentenced him to confinement for five years.  The confinement portion of the sentence was probated and appellant was placed on community supervision for five years.  

On October 12, 1999, the State filed a motion to revoke appellant’s probation.  The motion alleged that by operating a motor vehicle while he was intoxicated on July 8, 1999, in Montgomery County, appellant violated that term of his probation which required that he “Commit no offense against the laws of this or any other State or of the United States.”  The motion further alleged that appellant was intoxicated by not having the normal use of his mental and physical faculties “by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, 
and
 a combination of at least two of these substances into the body” (emphasis added).

On December 7, 1999, the trial court heard the Motion to Revoke.  The court found the State’s allegation to be true and sentenced appellant to confinement for four years and a $750 fine.

Via three issues appellant challenges the trial court’s finding.  He urges that (1) the trial court abused its discretion by disregarding testimony of (a) appellant’s witnesses and (b) the videotape of appellant’s roadside arrest and intoxication tests administered by the Department of Public Safety trooper; (2) because the Motion to Revoke alleged that appellant was intoxicated by reason of alcohol, a controlled substance, a drug, a dangerous drug, 
and
 a combination of at least two of these substances, the State was required to prove that appellant was intoxicated due to alcohol 
and
 controlled substances, drugs or dangerous drugs, and did not do so; and (3) the State’s proof fatally varied from the allegations in its Motion to Revoke because appellant’s evidence and the State’s evidence proved appellant was not intoxicated.    

LAW

A motion to revoke probation, like an indictment or information, must provide the defendant adequate notice on which a defense may be prepared.  
Labelle v. State
, 720 S.W.2d 101, 108 (Tex.Crim.App. 1986).  The test for whether adequate notice was provided by the motion is: (1) did the motion lack some requisite item of notice; if so, (2) did the lack of notice impact the defendant’s ability to prepare a defense; if so, (3) was the impact such as to prejudice the defendant’s substantial rights.  
See
 
id
.  If lack of requisite notice is proved, then whether the lack of notice (1) impacted the defendant’s ability to prepare a defense and (2) prejudiced the defendant’s substantial rights is to be determined from the entire record.  
Id
.  

In a proceeding to revoke probation the burden of proof is on the State to show by a preponderance of the evidence that the probationer has violated a condition of probation as alleged in the motion to revoke.  
Cobb v. State
, 851 S.W.2d 871, 873 (Tex.Crim.App. 1993).  
The only issue presented in an appeal from an order revoking probation is whether the trial court abused its discretion.  
Naquin v. State
, 607 S.W.2d 583, 586 (Tex.Crim.App. 1980); 
Lloyd v. State
, 574 S.W.2d 159, 160 (Tex.Crim.App. 1978).  
A trial court abuses its discretion when its action or decision is not within the zone of reasonable disagreement.  
Montgomery v. State
, 810 S.W.2d 372, 391 (Tex.Crim.App.1991) (op. on reh’g).
 In determining the sufficiency of the evidence to sustain a probation revocation, we view the evidence in the light most favorable to the trial court’s ruling.  
Jones v. State
, 589 S.W.2d 419, 421 (Tex.Crim.App. 1979).  
If the trial court’s findings of fact are supported by the record when the record is viewed in such light, we may not disturb them, and are limited to addressing whether the trial court properly applied the law to the facts.  
See
 
Romero v. State
, 800 S.W.2d 539, 543 (Tex.Crim.App. 1990).  

ANALYSIS

Appellant’s first issue challenges the factual sufficiency of the State’s evidence.  He does not claim that no evidence supports the trial court’s decision, but rather alleges that the trial court disregarded the testimony of his witnesses and the videotape of his stop and interrogation by the DPS trooper.  

In evaluating appellant’s first issue, we view the evidence in the light most favorable to the trial court’s determination that appellant committed an offense against the law of Texas, which was the condition of his probation allegedly violated.    
Jones
, 589 S.W.2d at 421.  When the standard of review is abuse of discretion and the record contains some evidence to support the decision made by the trial court, we must affirm the trial court’s judgment.  
See
 
Brumbalow v. State
, 933 S.W.2d 298, 300 (Tex.App.--Waco 1996, pet. ref’d).  

The record before us contains testimony as to appellant’s physical and mental condition from State trooper Leal, who stopped, evaluated, and arrested appellant, on the night of July 8th.
  The trial court heard proof as to Leal’s experience and qualifications in evaluating intoxication levels and heard Leal express his opinion that appellant was intoxicated.  The trial court viewed the videotape of appellant on the night he was arrested, as well as viewing and hearing appellant testify during the revocation hearing.  As the trier of fact, the trial court was not required to believe any or all of the testimony and evidence.  Nor was the trial court required to interpret evidence such as the videotape in a particular manner favorable to appellant.  

Our standard of review is neither whether evidence in the record would support a finding contrary to or other than the finding made by the trial court, nor whether the great weight of the credible evidence supports a finding different from that made by the trial judge.  Our standard is to review the evidence in the light most favorable to the trial court’s determination.  Viewed in such manner, the record supports the trial court’s finding of “true” to the State’s allegation that appellant violated the condition of his probation as alleged.  
See
 
Romero
, 800 S.W.2d at 543.  Thus, the trial court did not abuse its discretion by finding adversely to appellant’s witnesses and appellant’s interpretation of the videotape.  
See
 
Brumbalow
, 933 S.W.2d at 300.  Appellant’s first issue is overruled. 

        Appellant’s second issue alleges that the State’s proof was insufficient because the State did not offer proof that appellant committed an offense against the laws of Texas by driving while intoxicated from (1) a controlled substance, alcohol, 
drugs 
and
 (2) a combination of at least two of the substances.  
Appellant’s trial counsel did not take the position before the trial court that the motion imposed a burden on the State to prove that appellant was intoxicated by a combination of alcohol and other substances, as is urged in this appeal.  Nor did trial counsel urge that counsel was unable to determine how appellant was alleged to have violated the law.  The Motion to Revoke alleged that appellant violated the condition of his probation that required him to “Commit no offense against the laws of this or any other State or of the United States,” and then alleged the date, time and place that appellant was alleged to have committed an offense and how he did so: by driving while intoxicated.   

A motion to revoke probation is to provide the defendant adequate notice on which a defense may be prepared.  
Labelle
, 720 S.W.2d at 108.  Whether the defendant received adequate notice to prepare a defense is determined from the entire record.  
Id
.  The record before us reflects that appellant and his counsel were clearly aware that the basis for the Motion to Revoke was appellant’s alleged driving while intoxicated by alcohol.  The use of the word “and” in the motion did not require the State to prove that appellant was intoxicated by both alcohol 
and
 drugs or another controlled substance.  The State was only required to prove that appellant violated a condition of his probation.  
Appellant does not claim that he did not have proper notice that he allegedly violated his probation by violating Texas law, or that he was somehow misled by the allegations of the State’s Motion to Revoke.  No motion to quash or other objection challenged the allegations of the Motion to Revoke, either before or at the hearing of December 12th
.
  The trial court found that appellant violated the condition of probation alleged; and as we have concluded previously, such finding was not an abuse of discretion.  
We overrule appellant’s second issue. 

Appellant’s third issue urges that because the State had the option of specifying the manner and means of appellant’s probation violation and chose to allege the violation in a multifarious manner, the State was bound to prove the multifarious allegation.  Appellant then posits that because his proof in combination with the videotape of appellant’s arrest proved that appellant was not intoxicated, there was a material and fatal variance between the alleged violation of law and the proof.  

We perceive appellant’s third issue to be a shade of his first two issues.  The Motion to Revoke was required to give notice of the condition of probation which was allegedly violated, and the State was required to prove by a preponderance of the evidence that appellant violated such condition of his probation.  The State alleged that appellant violated his probation by violating the laws.  Allegation of the manner and means by which appellant violated a law of Texas did not expand the conditions of appellant’s probation, nor did it change the proof required of the State.  As we have noted in addressing issue two, the motion met the notice required to be given to appellant.  
Labelle
, 720 S.W.2d at 108.  
In any event, any such challenge to notice of the probation condition allegedly violated was waived by appellant.  
See
 
Gordon v. State
, 575 S.W.2d 529, 531 (Tex.Crim.App. 1978).
  
Our disposition of appellant’s first issue addresses that aspect of his third issue which urges that the evidence proved appellant was not intoxicated: when viewed pursuant to our prescribed standard of review
, evidence in the record supports the trial court’s finding that the allegations of the Motion to Revoke were true.  
See
 
Brumbalow
, 933 S.W.2d at 300.  
Accordingly, we determine that the State’s proof did not materially and fatally vary from the allegations of its Motion to Revoke, and overrule appellant’s third issue.  

CONCLUSION

Having overruled appellant’s three issues, we affirm the judgment of the trial court. 

Phil Johnson

    Justice

Do not publish.