NUMBER 13-06-432-CR 



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ALEX TORRES A/K/A ALEXANDER TORRES, Appellant,


v.



THE STATE OF TEXAS, Appellee.

 


On appeal from the 319th District Court 

of Nueces County, Texas

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion by Justice Rodriguez



 In May 2003, appellant, Alex Torres a/k/a Alexander Torres, pleaded guilty to
evading arrest or detention, with a vehicle. See Tex. Pen. Code Ann. § 38.04 (Vernon
2003). The trial court deferred adjudication and placed appellant on probation for five
years. In June 2004, appellant pleaded true to an allegation in the State's motion to
revoke probation and was adjudicated guilty. The trial court sentenced appellant to
18 months imprisonment in a state jail facility. In August 2004, however, the court
granted appellant's motion for new trial and in October 2004, continued appellant on
probation but sanctioned him by ordering him to serve 180 days in a state jail facility
and to participate in a batterer's intervention and prevention program. On November
28, 2005, the State filed a motion to revoke probation, alleging that appellant failed
to report during September and October 2005 and evaded arrest on October 18, 2005. 
On June 28, 2006, appellant pleaded true to failing to report and not true to evading
arrest. The court found both allegations true, adjudicated appellant's guilt and
sentenced him to 18 months in a state jail facility.

 Concluding the appeal is wholly frivolous, appellant's counsel filed a brief in
which he presented one arguable ground of error.

I. Compliance with Anders v. California

 Appellant's court-appointed counsel filed a brief and a motion to withdraw as
attorney of record in which he has concluded that he was unable to find any errors
which he felt would support an appeal in this case and concludes the appeal to be
wholly frivolous. Anders v. California, 386 U.S. 738, 744 (1967). Appellant's brief
meets the requirements of Anders. Id. at 744-45; see High v. State, 573 S.W.2d
807, 812 (Tex. Crim. App. 1978 (panel op'n)). In compliance with Anders, counsel
presented a professional evaluation of the record and referred this Court to what, in
his opinion, are all issues which might arguably support an appeal. See Anders, 386
U.S. at 744; Currie v. State, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see also
High, 573 S.W.2d at 812. Counsel has informed the Court that he notified appellant
of the following: (1) after reviewing the record, he was unable to find any errors
which he felt would support an appeal; (2) he is requesting to withdraw as counsel;
and (3) appellant has the right to request and review the appellate record and to file
a pro se brief. See Anders, 386 U.S. at 744-45; see also Stafford v. State, 813
S.W.2d 503, 509 (Tex. Crim. App. 1991) (en banc); High, 573 S.W.2d at 813. 
Counsel has also forwarded, to appellant, a copy of the brief that sets forth all issues
which might arguably support an appeal and a copy of his motion to withdraw as
attorney of record. More than thirty days have passed, and appellant has not filed any
pro se brief. See Anders, 386 U.S. at 744-45; see also High, 573 S.W.2d at 813.

II. Discussion

 In compliance with Anders, counsel raises and reviews the following issue as
a possible ground for our review: whether the State's first amended original motion
to revoke probation failed to provide adequate notice to inform appellant of what he
would be required to defend against, in violation of due process of law. However, the
record before us establishes that appellant was given written notice of the claimed
violations of supervision. Furthermore, although fair notice is required, see LaBelle v.
State, 720 S.W.2d 101, 108 (Tex. Crim. App. 1986), counsel for appellant also notes
that a motion to quash is necessary to preserve error. Garner v. State, 575 S.W.2d
529, 531 (Tex. Crim. App. 1978) (en banc). No such motion was filed in this case.

 The Supreme Court has advised appellate courts that upon receiving a "frivolous
appeal" brief, they must conduct "a full examination of all the proceeding[s] to decide
whether the case is wholly frivolous." Penson v. Ohio, 488 U.S. 75, 80 (1988); see
Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.-Corpus Christi 2003, no pet.). 
Accordingly, we have carefully reviewed the record and have considered the issues
raised in the brief, and we have found nothing that would arguably support an appeal. 
See Stafford, 813 S.W.2d at 509. We agree with counsel that the appeal is wholly
frivolous and conclude the appeal is without merit. See Bledsoe v. State, 178 S.W.3d
824, 827-28 (Tex. Crim. App. 2005) ("Due to the nature of Anders briefs, by
indicating in the opinion that it considered the issues raised in the briefs and reviewed
the record for reversible error but found none, the court of appeals met the
requirements of Texas Rule of Appellate Procedure 47.1.").

III. Conclusion

 The judgment of the trial court is affirmed. Additionally, in accordance with
Anders, appellant's counsel has requested permission to withdraw as counsel for
appellant. See Anders, 386 U.S. at 744. We grant counsel's motion to withdraw. 
We order counsel to notify appellant of the disposition of this appeal and of the
availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997) (en banc) (per curiam).

 

 NELDA V. RODRIGUEZ

 Justice


Do not publish. 

Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and 

filed this 5th day of July, 2007.