**Opinion issued March 6, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

**NO. 01-13-00298-CR**

———————————

**CORWIN DEMETRIUS JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 252nd District Court**
**Jefferson County, Texas**
**Trial Court Case No. 11-11635**

---

**MEMORANDUM OPINION**

Appellant Corwin Demetrius Johnson challenges the trial court's judgment

adjudicating him guilty of the offense of robbery and sentencing him to 20 years in

prison.[1] Appellant presents one issue on appeal. He contends that the trial court's revocation of his community supervision violated his federal and state constitutional rights to due process because he did not have proper notice of the basis of the revocation, which precipitated the adjudication of his guilt.[2]

We affirm.

## Background Summary

Pursuant to a plea agreement, Appellant was placed on deferred adjudication community supervision for the offense of robbery in February 2012. The State filed a motion to revoke Appellant's community supervision. The State alleged that Appellant had violated a term of his community supervision by committing the offense of felony theft. A hearing was held on the motion on January 7, 2013. During the hearing, the trial court learned that, with respect to the felony theft charge, Appellant had pleaded guilty to the lesser offense of misdemeanor theft. The court also learned that Appellant was a witness for the State in a murder case. At the hearing, Appellant's probation officer requested the trial court not to revoke Appellant's community supervision but, to instead, place Appellant on a "zero tolerance case load." On the same day, the trial court signed an order amending

---

[1] *See* TEX. PENAL CODE ANN. § 29.03 (Vernon 2011).

[2] This appeal, originally filed in the Ninth Court of Appeals, Beaumont, Texas, was transferred to the First Court of Appeals, Houston, Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2013).

2

the terms of Appellant's community supervision to include the following additional term: "Defendant is to be placed on zero tolerance supervision." Appellant signed the order indicating that he understood the added term of community supervision.

On January 11, 2013, Appellant's girlfriend contacted law enforcement, asking for help. She reported to the responding police officer that Appellant had threatened to kill her with a knife. The officer arrested Appellant for the offense of aggravated assault.

The State filed an amended motion to revoke Appellant's community supervision. As count one in the motion, the State alleged that Appellant had violated a term of his community supervision requiring him "[to] commit no offense against the laws of this State or of any other State or of the United States." In its third count, the State alleged that Appellant's arrest violated the amended condition of zero tolerance supervision.[3]

The trial court held a hearing on March 4, 2013. At the hearing, Appellant objected to the State's allegation that he violated the condition of zero tolerance supervision. In this regard, Appellant explained his objection as follows: "[B]eing arrested for an offense is not a violation of the defendant's January 7th, 2013 order amending the defendant's terms of supervision and/or his zero tolerance

---

[3] In count two, the State alleged that Appellant had not paid court assessed fees. However, this does not appear to be a basis pursued by the State for revocation.

supervision requirements." Appellant asserted that the State's allegation that he had violated the zero-tolerance requirement by his arrest violated his right to the presumption of innocence under the Texas Constitution. Appellant averred "persons are presumed innocent until proven guilty." The trial court overruled Appellant's objection.

The police officer who had arrested Appellant on January 11, 2013 testified at the hearing. Following the officer's testimony, the trial court indicated that it found the evidence of Appellant's arrest to be sufficient to support the State's third count alleged in the motion; that is, it found the evidence sufficient to show that Appellant had violated the condition of zero tolerance supervision. The court then stated that it found the State's third count alleged in the motion to revoke to be true.

At the time of the March 4 hearing, the State had not located Appellant's girlfriend to testify at the hearing. The trial court stated that it was making no finding with regard to the State's first count alleging that Appellant had violated a term of his community supervision by committing the offense of aggravated assault against his girlfriend. The trial court continued the hearing to allow the State to locate Appellant's girlfriend to present her testimony.

The hearing resumed on March 24, 2013; however, the State had still not located Appellant's girlfriend to testify. The trial court reiterated that it had

4

previously found the evidence to be sufficient to support the State's allegation contained in count three, which alleged that Appellant had violated the condition of zero tolerance supervision. Without identifying the substance of the objection, Appellant's counsel stated, "Your Honor, for the record, I want to renew my objections made on February 26th [sic] regarding violation No. 3, the zero tolerance, that the Court at that time overruled."

At the conclusion of the March 24 hearing, the trial court stated that Appellant's community supervision was revoked. The revocation was based on the trial court's earlier finding that Appellant's arrest had violated the zero-tolerance condition of his community supervision. It also found Appellant guilty of robbery and sentenced him to 20 years in prison.

This appeal followed. Appellant presents one issue on appeal.

### Notice of Basis for Revocation

On appeal, Appellant argues that the trial court violated his state and federal rights to due process because the State's motion to revoke did not provide him with sufficient notice regarding how he had violated the terms of his community supervision. He asserts, "In this case the motion only states he violated the Court's 'Zero Tolerance Supervision' but failed to inform the Appellant how he violated the Court's 'Zero Tolerance Supervision.'"

5

Because a revocation of community supervision results in the loss of liberty, a proceeding to revoke community supervision constitutionally requires the application of appropriate due process. *See Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S. Ct. 1756, 1760 (1973); *Leonard v. State*, 385 S.W.3d 570, 577 (Tex. Crim. App. 2012). Due process requires, among other things, that the probationer received written notice of the claimed violations of his community supervision. *Gagnon*, 411 U.S. at 786, 93 S. Ct. at 1761–62; *Ex parte Carmona*, 185 S.W.3d 492, 495 (Tex. Crim. App. 2006). The motion must fully and clearly set forth the alleged violations. *Labelle v. State*, 720 S.W.2d 101, 104 (Tex. Crim. App. 1986); *Graham v. State*, 502 S.W.2d 809, 811 (Tex. Crim. App. 1973). A motion to revoke does not, however, require the same specificity as an indictment to afford a defendant due process. *Bradley v. State*, 608 S.W.2d 652, 655 (Tex. Crim. App. 1980). An allegation in a motion to revoke is sufficient if it alleges a violation of the law and affords the defendant fair notice of the alleged violation so that he can prepare a defense. *Id*.; *Spruill v. State*, 382 S.W.3d 518, 520 (Tex. App.—Austin 2012, no pet.).

Any pleading deficiencies in a motion to revoke probation must be challenged with a motion to quash. *Gordon v. State*, 575 S.W. 2d 529, 531 (Tex. Crim. App. [Panel Op.] 1978). Absent a motion to quash, the sufficiency of the

6

motion to revoke cannot be raised for the first time on appeal. *Id.*; *McFarlin v. State*, 661 S.W.2d 201, 203 (Tex. App.—Houston [1st Dist.] 1983, no pet.).

Here, Appellant did not challenge the motion to revoke with a motion to quash. Nor did he present the due-process arguments to the trial court that he now raises on appeal. Instead, Appellant objected to the motion to revoke on the ground that his arrest did not violate the January 7th, 2013 order amending the terms of supervision or the zero tolerance supervision requirements. He also asserted that revocation of his community supervision based on his arrest violated his constitutional right to the presumption of innocence. Accordingly, Appellant has failed to preserve for review his assertion that the motion did not provide adequate notice or afford him due process. *See* TEX. R. APP. P. 33.1(a); *Gordon*, 575 S.W.2d at 531; *see also Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002) (stating that issue on appeal must comport with a proper trial objection.).

We overrule Appellant's sole issue.

## Conclusion

We affirm the judgment of the trial court.

Laura Carter Higley
Justice

Panel consists of Justices Jennings, Higley, and Sharp.

Do not publish.   TEX. R. APP. P. 47.2(b).