**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00306-CR**
_____

**CHICOREAN KAREEM DILL, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

On Appeal from the 1A District Court
Jasper County, Texas
Trial Cause No. 14424JD

**MEMORANDUM OPINION**

Appellant Chicorean Kareem Dill appeals the trial court's revocation of his community supervision. Under a plea bargain agreement, Dill pleaded guilty to the offense of evading arrest or detention with a previous conviction, a state jail felony. *See* Tex. Penal Code Ann. § 38.04(b)(1)(A). The trial court found Dill guilty of the offense, assessed punishment at confinement at two years in state jail and assessed a $1,000 fine, but suspended imposition of the sentence and placed Dill on community supervision for two years. The State filed a motion to revoke Dill's

1

community supervision, alleging Dill violated the terms of his community supervision by: (1) committing a new offense when he intentionally and knowingly damaged or destroyed a door frame without the consent of Kevin Pearson, the owner of the property, and caused pecuniary loss of $100 or more or less than $750 to the owner; (2) failing to pay his monthly supervision fees through May 2022; (3) failing to pay court costs and monthly payments for his fine due May 20, 2022; (4) failing to pay court appointed attorney fees due May 20, 2022; and (5) failing to pay substance abuse testing fees through May 2022. At a hearing on the State's motion to revoke Dill's community supervision, Dill pleaded "not true" to the allegations in the motion. After hearing evidence relating to the alleged violations, the trial court found each of the allegations in the motion to revoke "true." After hearing punishment evidence, the trial court sentenced Dill to two years in state jail. On appeal, Dill argues that the evidence was insufficient to support revocation. We affirm the trial court's judgment.

## Standard of Review

When reviewing an order revoking community supervision, the sole question before this Court is whether the trial court abused its discretion. *See Rickels v. State*, 202 S.W.3d 759, 763 (Tex. Crim. App. 2006). In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated a condition of community supervision as alleged in the motion to revoke. *Id.* at 763-

2

64; *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). In the context of a revocation proceeding, "a preponderance of the evidence" means "th[e] greater weight of [] credible evidence which would create a reasonable belief that the defendant has violated a condition of his [community supervision]." *Rickels*, 202 S.W.3d at 764.

In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State*, 589 S.W.2d 419, 421 (Tex. Crim. App. 1979). The trial court abuses its discretion only if its decision "was so clearly wrong as to lie outside that zone within which reasonable persons might disagree." *Cantu v. State*, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992) (citing *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g)). Revocation is appropriate when a preponderance of the evidence supports at least one of the State's allegations that the defendant violated a condition of his community supervision. *See Leonard v. State*, 385 S.W.3d 570, 576 (Tex. Crim. App. 2012). A single violation of a term of community supervision is sufficient to support the trial court's decision to revoke community supervision. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980). The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Brooks v. State*, 153 S.W.3d 124, 127 (Tex. App.—Beaumont 2004, no pet.).

Lianne Allen, a probation officer with the East Texas Probation Department testified that she received Dill's case on April 19, 2022, and she had supervised his case since that time. She testified that, according to Dill's probation file, the conditions of his probation were reviewed with him on the day of sentencing. She testified that approximately one month after Dill was placed on probation, the sheriff's office notified Allen that Dill had committed a new offense. According to Allen, after she received the offense report, she e-mailed the district attorney about the offense and brought Dill's other violations to the district attorney's attention. Allen testified that the violations alleged in the motion to revoke, in addition to the new offense, were that, after being on probation for two months, Dill had failed to pay his monthly supervision fees in the amount of $60 on May 20, 2022 and June 20, 2022, failed to pay his attorney's fees, failed to pay his monthly amount toward court costs and his fine, and failed to pay for drug testing. Allen also testified that Dill failed to report to the probation department.[1]

Deputy Jason Hawthorne with the Jasper County Sheriff's Office testified that on May 23, 2022, he was dispatched to the residence of Delvin Pearson at 837 County Road 725 in Buna, because Pearson had called stating that "Chico" had

---

[1] This was not alleged as a violation of the terms of Dill's community supervision in the State's motion to revoke.

"busted" the door to the residence and taken a food tray. According to Deputy Hawthorne, when he arrived at the residence, he spoke with Kevin Pearson Jr. and Delvin Pearson. Deputy Hawthorne testified that he observed inside the garage a door that opens into the house, "[t]he frame to the door was cracked where it met the hinges -- not the hinges but where the door handle meets[,]" and that Dill was reported as the perpetrator. Deputy Hawthorne testified that Kevin Pearson Jr. showed him a "video of Chico leaving the residence[]" recorded that evening. Deputy Hawthorne recognized the man in the video as "Chico" Dill, whom the Deputy knew from previous encounters, and Deputy Hawthorne identified the man in the video as the defendant in this case. Deputy Hawthorne testified he conducted interviews and obtained a statement from the person believed to be the homeowner, Delvin Pearson. During the investigation, Deputy Hawthorne learned that Kevin and Delvin knew Dill, Dill had not taken the food tray but that the "door was busted[]" when Dill was there, and that before Dill was there the door was not broken. According to Deputy Hawthorne, Delvin Pearson stated he wanted to press charges against Dill, and Deputy Hawthorne sought a warrant for Dill's arrest. On cross-examination, Deputy Hawthorne testified that Delvin Pearson never provided verification that he owned the residence, and Delvin or Kevin never indicated that someone named Nikki Robinson owned the house. Deputy Hawthorne agreed that

5

the motion to revoke inaccurately stated that Kevin Pearson was the owner of the residence.

Delvin Pearson testified that he had lived at the residence at 837 County Road 725 in Buna for six to seven months with his son, Kevin. According to Delvin, Dill is his nephew, and they do not always get along. Delvin testified that he and his son both spoke with the deputy and told him that they believed Dill had busted the door because Kevin had been in the area, but they did not actually witness him do it. Delvin testified that Kevin had a video recording, but Delvin could not remember if he watched it. According to Delvin, he believed Dill busted the door because it was his belief that Dill used to live at the residence and Dill was "told by Nikki to no longer be there" at the residence. Delvin testified that prior to this incident on May 23rd, he had asked Dill not to come back to the house because Dill was no longer a resident there and no longer welcome. Delvin testified that he rents the residence from the owner, Nikki Robinson, through a verbal agreement and there was no written lease. Delvin testified that Kevin was not an owner or renter of the residence, but Kevin lived at the house with Delvin. According to Delvin, he did not give Dill permission to "bust" the door.

## Analysis

In one appellate issue, Dill argues the evidence introduced at the revocation hearing was not sufficient to support the revocation of Dill's probation. According

to Dill, the evidence regarding the new criminal mischief offense was insufficient under the "preponderance of the evidence" standard to support revocation because "the State did not present any evidence beyond mere supposition that Dill actually committed the offense[] or was even present at the Property on the night in question." Dill argues that the State's motion to revoke "was defective . . . in that it misidentifies the 'owner' of the Property as 'Kevin Pearson'"; that the State failed to produce evidence concerning consent or lack of consent from the actual owner of the residence, Nikki Robinson; the State failed to produce any competent evidence that Dill damaged the door frame; Kevin's video was never admitted into evidence; and Kevin's video only showed Dill "walking away from the house." As for the allegations regarding Dill's failure to pay fines and fees, Dill argues that no evidence was offered (and no findings made by the trial court) as to Dill's ability to pay or that his failure to pay was intentional.

A person commits the offense of criminal mischief if, without the effective consent of the owner, he intentionally or knowingly damages or destroys the tangible property of the owner. Tex. Penal Code Ann. § 28.03(a)(1). Under section 1.07 of the Texas Penal Code, "owner" is a person who "has title to the property, *possession of the property*, whether lawful or not, or a greater right to possession of the property than the actor; or . . . is a holder in due course of a negotiable instrument." *Id.* § 1.07(a)(35) (emphasis added).

7

As to Dill's argument that the State's motion to revoke was defective, Dill failed to preserve that alleged error for appellate review. *See* Tex. R. App. P. 33.1(a). In general, a prerequisite to presenting a complaint for appellate review is a showing that the complaint was made by a timely request, objection, or motion, and that the trial court either ruled on or refused to rule on the request, objection, or motion. *Id.* Errors in a motion to revoke community supervision must be pointed out to the trial court in a timely motion to quash. *Gordon v. State*, 575 S.W.2d 529, 531 (Tex. Crim. App. [Panel Op.] 1978). Error, if any, is waived absent such a motion. *Id.* Even if the motion to revoke is in fact defective, the question of the sufficiency of a motion to revoke community supervision cannot be raised for the first time on appeal. *Rodriguez v. State*, 951 S.W.2d 199, 204 (Tex. App.—Corpus Christi 1997, no pet.). Dill failed to file a motion to quash the State's motion to revoke and failed to object to the State's motion to revoke at the revocation hearing.

We next address Dill's challenge to the sufficiency of the evidence supporting the allegation that Dill committed a new offense of criminal mischief. On this record, the trial court heard Deputy Hawthorne, who responded to the call and investigated the alleged offense, testify that he observed the damaged door, he viewed Kevin's video showing Dill walking away from the residence, and Deputy Hawthorne identified Dill as the person in the video because Deputy Hawthorne recognized Dill. The trial court also heard Delvin Pearson testify that he rented the residence, he and

8

Kevin lived there, the owner of the residence told Dill he was no longer allowed at the residence, and Delvin or Kevin did not give Dill permission to damage the door. On this record, the trial court could have reasonably concluded that Dill committed the offense of criminal mischief. *See Hacker*, 389 S.W.3d at 865 (trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony). Viewing the evidence in the light most favorable to the trial court's ruling, we conclude that the State proved, by a preponderance of the evidence, that Dill violated one or more conditions of his community supervision. *See Rickels*, 202 S.W.3d at 763; *Cobb*, 851 S.W.2d at 874. Because the trial court did not abuse its discretion by revoking Dill's unadjudicated community supervision, we overrule Dill's issue on appeal.[2] We affirm the trial court's judgment.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on June 22, 2023
Opinion Delivered August 2, 2023
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.

---

[2] Because a single violation of a term of community supervision is sufficient to support the trial court's decision to revoke community supervision, we need not address Dill's arguments on appeal regarding his failure to meet certain financial obligations as alleged in the State's motion to revoke. *See Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1980); *see also* Tex. R. App. P. 47.1.